UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARIAMNY ALEXANDRA
CARRUYO-SERRUDO,

        *Petitioner,*

v.

                                        Case No. 3:26-cv-559-JEP-SJH

TODD BLANCHE,[1] et al.,

        *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, an eighteen-year-old detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 1). Petitioner alleges that: she is a citizen of Venezuela who entered the United States with her mother on January 18, 2020, at the age of thirteen; Petitioner and her mother were granted humanitarian parole, placed in removal proceedings, and released on their own recognizance; Petitioner's father, who was granted asylum, filed a refugee asylee relative petition on

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche and Markwayne Mullin are automatically substituted for Pamela Bondi and Kristi Noem, respectively.

Petitioner's behalf which remains pending; and ICE detained Petitioner during a traffic stop on February 19, 2026, while she was on her way to work. (*Id.* at 16–17). Petitioner contends that her mandatory detention without a meaningful bond process violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act,[2] and the procedural and substantive due process protections of the Fifth Amendment to the United States Constitution. (*Id.* at 18–31).[3] At the heart of this case is Petitioner's contention that her detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Docs. 1, 10).

The Federal Respondents filed a response, arguing that the Court lacks jurisdiction to entertain the petition, and in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 8). According to the Federal Respondents, when Petitioner's parole terminated on May 25, 2022, she "resumed her status as an applicant for admission." (*Id.* at

---

[2] The Court finds the writ of habeas corpus provides an adequate remedy; thus, "habeas corpus, not the APA, is the proper vehicle here." *Trump v. J.G.C.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring).

[3] While Petitioner cites to the Suspension Clause once in her petition and twice in her reply (Doc. 1 at 4; Doc. 10 at 2), she does not substantively raise any claims or otherwise address the Suspension Clause (Doc. 1 at 18–31). Regardless, Petitioner has received review of her petition vitiating any argument under the Suspension Clause. *See Landaez-Castro v. Noem*, No. 2:26-CV-237-KCD-NPM, 2026 WL 1020855, at *5 (M.D. Fla. Apr. 15, 2026) ("The very fact that [the petitioner] is currently before this Court, utilizing a § 2241 petition to challenge the statutory and constitutional basis of his confinement, demonstrates that the writ is alive and well.").

2, 4 n.3). Petitioner filed a reply countering the Federal Respondents' arguments. (Doc. 10).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time—including an individual who was initially paroled into the country but whose parole has since expired—is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026); *Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026). As did the petitioners in *Lozano Sousa* and *Diaz Lopez*, Petitioner claims that her detention without a meaningful bond hearing violates the INA and the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent that Petitioner's claims and arguments are the same as those addressed in *Lozano Sousa* and *Diaz Lopez*, for the reasons stated in those orders, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Lozano Sousa*, 2026 WL 958794; *Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been

3

admitted).[4] Indeed, Petitioner's status is no different than the petitioners' in *Lozano Sousa* and *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to her detention: she is a noncitizen who has been living in the country for some time without having been admitted, and she has been detained for her removal proceedings. As such, for the reasons stated in *Lozano Sousa* and *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and her claims fail. *See Lozano Sousa*, 2026 WL 958794; *Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

---

[4] This Court has kept apprised of emerging federal court rulings on this issue, but in the absence of a ruling from the Supreme Court or the Eleventh Circuit, and for the reasons set forth in *Diaz Lopez*, 2026 WL 261938, at \*7–12, this Court rejects Petitioner's interpretation of the INA. Moreover, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only two courts of appeals—the Fifth and Eighth Circuits—have squarely done so. And in their opinions, those courts of appeals gave the same answer that this Court did in *Diaz Lopez*. *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at \*1–6 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez*, 166 F.4th at 498–508; *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). The undersigned deems highly persuasive the Fifth and Eighth Circuits' dispassionate, carefully reasoned, and thorough analyses, which the courts judiciously confined to the statutory text, structure, and context, without discussion of extraneous considerations. *See generally Avila v. Bondi*, 2026 WL 819258, at \*1–6; *Buenrostro-Mendez*, 166 F.4th at 498–508.

4

2.  The Clerk is **DIRECTED** to enter judgment denying the petition,

terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 20, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record